

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8|13|15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                           :

KHALIL DANIELSON,               :     09 Civ. 3839 (LAP)
                           :

            Petitioner,    :     ORDER ADOPTING REPORT &
                           :     RECOMMENDATION IN PART

       v.                  :
                           :

WILLIAM LEE, Superintendent,   :
Green Haven Correctional Facility, :
                           :

           Respondent.    :
                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LORETTA A. PRESKA, Chief United States District Judge:

               Petitioner Khalil Danielson ("Danielson" or

"Petitioner"), pro se, pursuant to 28 U.S.C. § 2254, seeks a

writ of habeas corpus to challenge his 2001 New York State court

conviction. (See Amended Petition, dated Apr. 15, 2013 [dkt.

no. 17] (the "Am. Pet." or the "Petition").) On January 2,

2002, Petitioner was sentenced to a term of incarceration of

twenty years to life after a jury in the Supreme Court of the

State of New York, Bronx County, found him guilty of second

degree (depraved indifference) murder in violation of New York

Penal Law § 125.25(2). (Am. Pet. ¶ 7.) The murder conviction

is the result of gang violence. On July 13, 1998, Petitioner,

along with two additional gang members, shot and killed rival

gang member Kenneth Andrews. Petitioner and his associates shot

Andrews from arm's length roughly eleven times, including two

fatal shots to the abdomen and head.

The Petition was referred to United States Magistrate Judge Sarah Netburn.  On April 4, 2014, Judge Netburn issued a Report and Recommendation.  (See Report and Recommendation, dated Apr. 4, 2014 [dkt. no. 36] (the "Report").)  The Report recommends that the Petition be denied, but that this Court issue a certificate of appealability (a "COA"), pursuant to 28 U.S.C. § 2253(c), to the Court of Appeals.  Subsequently, the Bronx County District Attorney's Office, on behalf of Respondent, submitted objections to the Report.  (Mem. of Law, dated Apr. 21, 2014 (the "Objections") [dkt. no. 37].)  Petitioner filed neither a reply nor any objections.  In light of Respondent's objections, and upon de novo review, see Fed. R. Civ. P. 72(b), the Report [dkt. no. 36] is ADOPTED in all respects except those explicitly identified herein. Respondent's Objections [dkt. no. 37] are OVERRULED IN PART and SUSTAINED IN PART.

I.    BACKGROUND

The Court assumes familiarity with the factual background and relevant procedural history as set out by the Report (see Report at 2-8) and focuses on the issues raised by Danielson's Amended Petition.

Petitioner argues that his conviction should be vacated on the following grounds: (1) the evidence was legally insufficient to prove him guilty of depraved indifference murder beyond a reasonable doubt (Am. Pet. at ¶¶ 19-22); (2) ineffective assistance of trial counsel (id. at ¶¶ 23-25); and (3) that the state court deprived Petitioner due process of law when it refused to allow trial counsel and an alibi witness to testify at an evidentiary hearing, during which it denied Petitioner the right to represent himself (id. at ¶¶ 26-27).

In addition to the claims raised by Danielson in his Amended Petition [dkt. no. 17], the Report addresses claims brought in the Original Petition [dkt. no. 1].  As a preliminary matter, the Report finds that there is a procedural bar to federal habeas review of Petitioner's insufficiency of the evidence claim.  Petitioner failed to raise his legal sufficiency claim in the New York Court of Appeals, the highest state court, and the claim is therefore unexhausted and procedurally barred.  The Report properly applies the actual

3

innocence exception for cause and prejudice or miscarriage of justice outlined in Coleman v. Thompson, 501 U.S. 722, 749-50 (1991), before finding that "the petitioner cannot establish his innocence for purposes of proceeding to a merits review of his legal sufficiency argument." (Report at 21.)  The Report rejects Petitioner's claim of ineffective assistance of counsel; specifically rejecting Petitioner's arguments that his trial counsel was ineffective for (1) failing to call alibi witnesses to testify at trial (Am. Pet. at ¶ 23-24) and (2) failing to preserve a legal sufficiency argument for depraved indifference (id. at ¶ 25.)  Under the deferential Strickland standard, see Strickland v. Washington, 466 U.S. 668 (1984), the Report finds Danielson's counsel acted reasonably given the law at the time of trial.  (Report at 24-29.)

The Report also rejects Petitioner's claim that his due process rights were violated when trial counsel failed to call Petitioner's alibi witnesses to testify and the state court did not grant Petitioner's request to represent himself in an evidentiary hearing.  The Report rejects this argument primarily on the grounds that a federal habeas review "is limited to violations of Constitutional or federal law," and "Danielson's due process claims for violations during his post-conviction hearing are not cognizable upon habeas review because there is no federal constitutional right to post-conviction collateral

4

relief." (Report at 29.) Similarly, the Report concludes that Danielson's claim that the verdict was against the weight of the evidence is unreviewable in federal court because the weight of the evidence analysis is based on state law. (Report at 30-31.) The Report rejected Danielson's final claim, that the pre-hearing court erred in finding identification by a witness to be "merely confirmatory," was rejected on similar grounds, finding a federal court cannot review claims based on issues of state law only. (Report at 31.)

Of Petitioner's arguments, summarized above, the Report focuses on the first: legal sufficiency. Ultimately, the Report recommends that this Court "find that the petitioner cannot establish his innocence for purposes of proceeding to a merits review of his legal sufficiency argument." (Report at 21.) Notwithstanding that recommendation, the Report notes the "unsettled nature of" the law in this Circuit regarding whether "a change in the law can provide the basis for an actual innocence claim." (Id. at 21.) Accordingly, the Report recommends that this Court certify the following question to the Court of Appeals: whether "a habeas petitioner may avail himself of the actual innocence gateway under Schlup where he has been acquitted by a jury of intentional murder and where evidence at trial is not legally sufficient to support a conviction for

depraved indifference murder under People v. Feingold, 7 N.Y.3d
288 (2006)."  (Id. at 22.)


II. DISCUSSION

  A. District Court's Review of the Report

        In reviewing a magistrate judge's report and
recommendation, the Court "must determine de novo any part of
the disposition that has been properly objected to."  Fed. R.
Civ. P. 72(b)(3).  The Court "may accept, reject, or modify, in
whole or in part, the findings and recommendations made by the
magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ.
P. 72(b)(3).


  B. Depraved Indifference Murder

        During the time period spanning, approximately, 2001
to 2006, New York State law's definition of depraved
indifference murder underwent a seismic shift.  See generally,
Gutierrez v. Smith, 702 F.3d 103, 107-110 (2d Cir. 2012)
(outlining the evolution of the depraved indifference law in New
York from People v. Register, 60 N.Y.2d 270 (1983), to
Feingold); Fernandez v. Smith, 558 F.Supp.2d 480, 494-497
(S.D.N.Y. 2008).  Under New York law, a person is guilty of
depraved indifference murder when "under circumstances evincing
depraved indifference to human life, he recklessly engages in

conduct which creates a grave risk of death to another person, and thereby causes the death of another person...." N.Y. Penal Law §125.25(2). Prior to 2001, New York state courts did not require a "mental element" but determined whether sufficient mens rea existed "by the objective circumstances in which the act occur[ed]." Policano v. Herbert, 7 N.Y.3d 588, 597 (2006) (quoting Register, 60 N.Y.2d at 278 (1983)). However, that standard was eroded and ultimately replaced by Feingold. See Feingold, 7 N.Y.3d at 294-95 (overruling Register and People v. Sanchez, 98 N.Y.2d 373 (2002)). In Feingold, the N.Y. Court of Appeals set forth a new mental standard for depraved indifference murder, holding that a jury must find, subjectively, a mens rea of depraved indifference in order to convict. Id. at 295-96. Under Feingold, objective circumstances are not enough. Feingold was decided in 2006, before Danielson's conviction became final in 2007, and is recognized as the final step in this evolution, overruling previous case law on depraved indifference murder. See Gutierrez, 702 F.3d at 110.

C. Procedural Default

        The Report correctly found that the Petition is procedurally barred because Petitioner raised his legal sufficiency claim in the Appellate Division but not before the

Court of Appeals.  (Report at 9.)  Accordingly, Petitioner's habeas claim is correctly considered unexhausted and therefore procedurally barred from review by this Court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Report at 9.

However, there are two exceptions to this procedural bar.  A petitioner may overcome the bar by demonstrating "either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  DiSimone v. Phillips, 461 F.3d 181, 191 (2d Cir. 2006) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478, 495 (1986).  With respect to the first exception, a petitioner establishes 'cause' when "some objective factor, external to petitioner's defense, interfered with his ability to comply with the state's procedural rule" or when a constitutional argument would be futile based on previous state case law.  Gutierrez, 702 F.3d at 111-12.  To show 'prejudice,' the procedural default must also result in "actual" injury and "cause a substantial disadvantage, infecting the trial with error of constitutional dimensions."  Murray, 477 U.S. at 494.  This Court agrees with the Report's analysis and ADOPTS its recommendation that Petitioner is unable to establish cause and prejudice.  (See Report at 16-20.)

The standard for the second exception to the procedural bar, actual—or factual—innocence, is more open to interpretation.  This exception is intended for "an extraordinary case, where a constitutional violation has probably resulted in the conviction of someone who is actually innocence ...."  Murray, 477 U.S. at 496.  To demonstrate actual innocence, a petitioner must show that "he is actually innocent of the crime for which he has been convicted."  Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002)(citing Schlup v. Delo, 513 U.S. 298, 321).  Actual innocence in this context is "factual innocence ... not mere legal insufficiency."  Bousley, 523 U.S. at 623.  Moreover, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have found [him] guilty beyond reasonable doubt" based upon "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial."  House v. Bell, 547 U.S. 518, 537 (2006); see also Schlup, 513 U.S. at 327-28.  This path past the procedural bar is commonly referred to as the "Schlup gateway."  Schlup, 513 U.S. at 315 n.30 ("In light of our conclusion that the courts below applied the wrong standard in evaluating Schlup's gateway innocence claim"); Rivas v. Fischer, 687 F.3d 514, 540 (2d Cir. 2012)("[W]e hold that a petitioner who satisfies the Supreme Court's actual innocence standard may

pass through the Schlup gateway and have his substantive claims heard on the merits").

The Report correctly concludes that Petitioner does not qualify for the actual innocence exception, and this Court ADOPTS that recommendation. (See Report at 20-21.)  Petitioner does not argue that he is innocent of causing Kenneth Andrews' death; only that he is innocent of the legal crime of depraved indifference murder.  As the Report notes, the "new evidence" Petitioner offers is the change in the elements of depraved indifference murder.  The Court of Appeals has previously rejected this argument, finding in a similar case that "[t]here is nothing 'fundamentally unjust' about [a petitioner's] continued incarceration for killing [the victim] by shooting him ... Whether acting intentionally or with a depraved indifference, [the petitioner] committed second degree murder under New York criminal law."  Lampon v. LaValley, 504 F.App'x 1, 2 (2d Cir. 2012).  This Court concurs in the Report's judgment that Petitioner's continued incarceration is not, under Supreme Court and Court of Appeals precedent, a fundamental miscarriage of justice.  Further, that conclusion comports with common sense.  Petitioner does not deny that he killed Kenneth Andrews, just that he did not do so indifferently.  Under these circumstances, continued incarceration is not a case of manifest injustice.

A. Respondent's Objections

1. Certificate of Appealability

Although the Report found that Petitioner does not meet the actual innocence exception, Judge Netburn also noted the "unsettled" nature of the law in this Circuit on that issue. (See Report at 21-22.)  Accordingly, the Report recommends that this Court issue a COA to the Court of Appeals asking: "whether a habeas petitioner may avail himself of the actual innocence gateway under Schlup where he has been acquitted by a jury of intentional murder and where the evidence at trial is not legally sufficient to support a conviction for depraved indifference murder under [Feingold]."  (Id. at 22.)  Respondent objects, arguing that this Court should not issue a COA on this question.  (See Objections at 2-5.)

A COA may be issued pursuant to 28 U.S.C. § 2253(c) by a "circuit justice or judge" when a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); see also Miller-El v. Cockrell, 537 U.S. 322, 337 (2003)(issuing a COA is discretionary, not required). Here, the "constitutional right" allegedly being denied is due process, on account of Petitioner's continued incarceration for a crime he could not have legally committed under New York law. See Fernandez v. Smith, 558 F.Supp.2d 480, 504 ("Fernandez's

11

rights under the Due Process Clause were violated because he was convicted of the crime of depraved indifference murder without proof beyond a reasonable doubt of a critical element: depraved indifference to human life—the mens rea necessary to support a depraved indifference murder conviction clarified in Feingold.").  To satisfy this standard, "petitioner must show that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).  A court is only required to review whether the claim is "'debatable' to a reasonable juror, not whether it is likely to prevail."  Id. at 338.

        Here, the "debatable" issue is whether an intervening change in law can provide the basis for an actual innocence claim.  (Report at 21.)  The strongest argument against issuing a COA is the Court of Appeals' holding in Lampon.  Indeed, Lampon rejected that very argument, explicitly stating that there is no miscarriage of justice in a petitioner's continued incarceration where his appeal was based on the new mens rea requirement under Feingold.  See Lampon, 504 F.App'x at 2.  However, as the Report points out, courts in this Circuit have subsequently reached the opposite conclusion.  See, e.g.,

Gutierrez v. Smith, 702 F.3d 103, 111 n.4 (2d Cir. 2012) (noting
the difference of opinion on this matter and citing cases);
Petronio v. Walsh, 736 F.Supp.2d 640, 658 (E.D.N.Y. 2010)
(citing Bousley, 523 U.S. at 617-618)("[P]etitioners may show
actual innocence not only through the introduction of new
evidence but by highlighting intervening changes in the law.");
Fernandez v. Smith, 558 F.Supp.2d 480, 494 (S.D.N.Y.
2008)("[Defendant's] actions ... did not constitute depraved
indifference murder as a matter of law, and it would be
manifestly unjust for him to serve a sentence for a crime that
he did not commit.").

　　　　　Respondents attempt to distinguish each of Gutierrez,
Petronio, and Fernandez. (See Objections at 3-5.) As to the
first, Respondents argue that the Court of Appeals' observation
was merely dicta, rendered less important in the present case
because, having already found cause and prejudice, the court in
Gutierrez did not address the actual innocence exception. (Id.
at 3-4.) Respondents' contention is technically true, but it
makes Gutierrez's observation no less accurate. Next,
Respondents attempt to distinguish Fernandez and Petronio
because "the District Courts ... failed to apply the requirement
set forth by the Supreme Court that petitioners must present new
reliable evidence to satisfy the actual innocence exception to
the procedural bar." (Id. at 4.) However, the entire question

raised by Gutierrez (and the Report) is whether intervening
changes in the law constitute new evidence for purposes of the
actual innocence exception.  There being no other "evidence," in
those cases, whether a change in law constitutes new evidence is
effectively subsumed in the question of whether the actual
innocence question applies.  Put differently: Respondent's
objection with respect to new evidence highlights the very
question the Report's recommended COA seeks to address.

Finally, in considering whether a COA is appropriate,
it is important to distinguish the present case from Lampon.  As
explained by the Report:

> [I]n Lampon, the jury first considered the depraved
> indifference murder and, having convicted on that
> count, did not consider the intentional murder charge
> ... Thus, if Lampon's conviction had been vacated, he
> could still have been found guilty of intentional
> murder.  By contrast, in Danielson's case, the jury
> first considered whether Danielson was guilty of
> intentional murder, and acquitted him of that crime,
> and then convicted him of depraved indifference
> murder.  Accordingly, Danielson could be convicted
> only of manslaughter if his conviction for depraved
> indifference murder were to be vacated.

(Report at 21 n.5.)  In short: a jury neither acquitted nor
convicted Lampon of intentional murder, whereas a jury acquitted
Danielson of intentional murder.  This factual divergence, and
the consequences that follow, distinguish the present case from
Lampon.  While other Circuits have spoken to this issue, see,
e.g., Rozelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000,

14

1015 (11th Cir. 2012)("[W]e decide only the narrow and
extraordinary nature of Schlup's actual innocence 'gateway' does
not extend to petitioners, like Rozelle, who did the killing and
whose alleged 'actual innocence' of a non-capital homicide
conviction is premised on being guilty of only a lesser degree
of homicide"); Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir.
2000)("The exception is intended for those rare situations
'where the State has convicted the wrong person ...'"), but the
Court of Appeals has not squarely addressed this unsettled
issue.

     For the reasons above, this Court OVERRULES
Respondent's objection and GRANTS a COA to the Court of Appeals
as to "whether: (1) an intervening change in the law constitutes
'new evidence' for purposes of Schlup's actual innocence
exception and (2) if yes, whether a habeas petitioner may avail
himself of the actual innocence gateway under Schlup where he
has been acquitted by a jury of intentional murder and where the
evidence at trial is not legally sufficient to support a
conviction for depraved indifference murder under Feingold."

## 2. Independent and Adequate State Grounds

     Respondent's second objection is that the Report does
not find Petitioner's legal sufficiency claim procedurally
barred because it was denied on independent and adequate state

grounds.  (See Objections at 1, 5.)  While the Report recognizes
that the Appellate Division refused Petitioner's legal
sufficiency claim as unpreserved pursuant to New York State's
contemporaneous objection rule, it does not explicitly find that
this is an independent and adequate state ground for denial of
the Petition.  (See Report at 12 n.3.)  The Appellate Division
held:

> [Petitioner's] motion for a trial order of dismissal was
> predicated exclusively on the lack of credible evidence
> that he was present at the murder scene. There was no
> mention of the argument he now raises on appeal, namely,
> that the trial evidence supported only a theory of
> intentional murder, not a reckless one committed under
> circumstances evincing a depraved indifference to human
> life. Because [petitioner's] dismissal motion was not
> specifically directed at the alleged insufficiency that he
> now raises on appeal (People v. Gray, 86 N.Y.2d 10 [1995]),
> the claim is unpreserved as a matter of law (People v.
> Lisojo, 27 A.D.3d 215 (2006), aff'd 7 N.Y.3d 873) and we
> decline to review it in the interests of justice.

People v. Danielson, 40 A.D.3d 174, 176 (1st Dept. 2007).

"A federal habeas court will not review a claim
rejected by a state court 'if the decision of [the state] court
rests on a state law that is independent of the federal question
and adequate to support the judgment.'"  See Beard v. Kindler,
558 U.S. 53, 55 (2009)(citing Coleman v. Thompson, 501 U.S. 722,
729 (1991)).  "This rule applies whether the state law ground is
substantive or procedural."  Coleman, 501 U.S. at 729.
Petitioner did not raise his legal sufficiency objection at
trial or when he argued the case before the New York Court of

Appeals.   The Appellate Division was therefore the last "reasoned" state opinion, and absent a showing of cause and prejudice, or a fundamental miscarriage of justice—the same procedural default exceptions described above—the petitioner is not entitled to federal habeas review.   Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Coleman, 501 U.S. at 750.

For a state procedural rule to be considered independent, the "state court must actually have relied on the procedural bar as an independent basis for its disposition of the case," Harris v. Reed, 489 U.S. 255, 261-62 (1989), "by clearly and expressly stat[ing] that its judgment rests on a state procedural bar."   Id. at 263.   A state procedural rule is considered adequate if it was "firmly established and regularly followed." Lee v. Kemma, 534 U.S. 362, 375 (2002). However, there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Lee, 534 U.S. at 376.

The independent and adequate state ground for denying Petitioner's appeal is New York State's so-called contemporaneous objection or preservation of error rule.   See N.Y. Crim. P. Law ("NYCPL") § 470.05(2).   Under that rule, a petitioner must specifically object on the grounds of legal sufficiency in order to preserve this issue for appellate

review.  See NYCPL § 470.05(2); People v. Hawkins, 11 N.Y.3d 484, 492 (2008) ("To preserve for this Court's review a challenge to the legal sufficiency of a conviction, a defendant must move for a trial order of dismissal, and the argument must be 'specifically directed' at the error being urged ...")(citing People v. Gray, 86 N.Y.2d 10, 19 (1995)).

The Court finds that the Appellate Division's denial was based on the contemporaneous objection rule and therefore constitutes independent and adequate state grounds.  First, the Appellate Division's dismissal was independent because it actually relied on the contemporaneous objection rule in denying Petitioner's appeal.  People v. Danielson, 40 A.D.3d at 180 (reviewing petitioner's appeal "would seriously undermine the long-standing doctrine of preservation of error in criminal cases (CPL 470.05[2])").  The Appellate Division's reasoning, specifically its citation of state cases in support of dismissal, supports that assertion.  See People v. Danielson, 40 A.D.3d 174, 176 (1st Dept. 2007); Galarza v. Keane, 252 F.3d 630, 637(2d Cir. 2001) ("We have repeatedly stated that in order for federal habeas review to be procedurally barred it must have actually relied on a procedural ban as an independent basis for its disposition of the case, and the state court's reliance on state law must be unambiguous and clear on the face of the opinion.").

18

Second, the Appellate Division's denial constitutes adequate state grounds because New York's preservation rule, requiring that the claim first be raised at trial, is "firmly established and regularly followed." See Richardson v. Greene, 497 F.3d 212, 219 (2d Cir. 2007)("[I]n accordance with New York case law, application of the state's preservation rule is adequate—i.e., firmly established and regularly followed"); Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999)("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules."); Allan v. Conway, No. 08 Civ. 4894 (JFB), 2012 WL 70839, at *9 (E.D.N.Y. Jan. 10, 2012)("The appellate court's statement that petition's claim was 'unpreserved' is sufficient to establish that it was relying on a procedural bar as an independent ground in disposing of the issue.").

Although not necessary to this Court's conclusion that the Appellate Division properly denied Petitioner's appeal on independent and adequate state grounds, it bears noting that Petitioner does not qualify for an exception to that procedural bar on federal habeas review. The same exceptions to procedural default—cause and prejudice, or miscarriage of justice, described above—are available here as well. See Coleman, 501 U.S. at 750. In addition, there is an exception for federal habeas petitions from state prisoners where the last state

19

decision was made on independent and adequate grounds.  The
Court of Appeals has set forth three "guideposts" in Cotto v.
Herbert to determine the limited category of "exceptional
cases."  Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003).
The factors include whether (1) the trial court actually relied
on the rule; (2) New York case law indicates that compliance
with the rule is required under these specific circumstances;
and (3) petitioner substantially complied with the rule.  Id. at
238-241.

     According to the "guideposts" set out in Cotto,
Danielson's Petition does not fall into "small category of
cases" where applying the procedural ban would be "exorbitant."
Cotto, 331 F.3d at 238.  With respect to the first guidepost,
"whether the procedural violation actually affected the trial
court ruling," it is "less applicable in this case because the
lack of a contemporaneous objection would not, almost by
definition, be mentioned by the trial court."  Id. at 242.
Second, New York State law requires a defendant at trial to make
specific objections to the sufficiency of the evidence to
preserve the claim for appellate review.  See Hawkins, 11 N.Y.3d
at 492; Gray, 86 N.Y.2d at 19.  And under the third factor,
Petitioner does not substantially comply with the preservation
rule because the objection registered by counsel at trial argued
legal insufficiency of the evidence in regards to the

Petitioner's physical location at the time of the shooting, a
different basis from what is argued here, as Petitioner concedes
in his habeas petition (See Mem. of Law in Support of Am. Pet.,
dated Apr. 15, 2013 at 27-28 [dkt. no. 18].)

III. CONCLUSION

      For the foregoing reasons, the Report [dkt. no. 36] is
ADOPTED insofar as it (1) DENIES the Amended Petition [dkt. no.
17] and (2) GRANTS a certificate of appealability to the Court
of Appeals.  However, this Court certifies a slightly different
question, "whether: (1) an intervening change in the law
constitutes "new evidence" for purposes of Schlup's actual
innocence exception and (2) if yes, whether a habeas petitioner
may avail himself of the actual innocence gateway under Schlup
where he has been acquitted by a jury of intentional murder and
where the evidence at trial is not legally sufficient to support
a conviction for depraved indifference murder under Feingold."
With respect to Respondent's objections [dkt. no. 37], the COURT
(1) OVERRULES Respondent's objection to a certificate of
appealability and (2) GRANTS Respondent's objection to hold that
the Appellate Division denied Petitioner's appeal on independent
and adequate state grounds.

The Clerk of Court is directed to terminate the Amended Petition [dkt. no. 17] and issue a certificate of appealability to the Court of Appeals with respect to the question above.

SO ORDERED.

Dated:      New York, New York
            August 13, 2015

                              _____
                              LORETTA A. PRESKA
                              Chief United States District Judge

22